IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JEROME M. MERAZ**  **PLAINTIFF**

V.                              CASE NO.: 5:15-CV-03013

**WENDY KELLY, Director,**
**Arkansas Department of Correction**  **DEFENDANT**

## ORDER

On May 21, 2015, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R & R") (Doc. 18) as to Plaintiff Jerome M. Meraz's petition for habeas relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended denying the petition. On June 3, 2015, Meraz filed an objection (Doc. 19) to the R & R. In light of this objection, the Court has conducted a *de novo* review of the record. It now adopts the R&R in its entirety.

This case comes to the Court after a somewhat tortured and unfortunate history in state court. On May 27, 2008, Meraz pled guilty to charges of first-degree stalking, kidnapping, residential burglary, and theft of property in Carroll County Circuit Court. *See Meraz v. Crow*, 2009 Ark. 369, *1 (June 18, 2009). Judgment was not entered in the case until June 16, 2008. *Id.* In the meantime, on May 28, 2008, Meraz apparently completed a petition to set aside his guilty pleas under Arkansas Rule of Criminal Procedure 37.1. *Id.* He then sent that petition and several related documents to the circuit court judge,[1] who received them on June 10, 2008. Rather than simply handing the documents to the Carroll

---

[1] Hon. Alan D. Epley.

1

County Clerk's Office ("Clerk's Office") for filing, the judge sent the documents back to the Meraz, along with a letter explaining that he could not act on a petition that had not been filed with the clerk. *Id.*

What happened next is somewhat unclear. According to an affidavit filed in state court, Meraz's mother hand delivered the documents to the Clerk's Office in June of 2008. *Id.* Per Meraz, the documents were date-stamped, and then the date stamp was crossed out and the documents were returned to Meraz's mother. Further complicating the matter is that Meraz presented, in state court, the Rule 37.1 petition with a crossed-out date stamp of January 19, 2009, over which "file marked in error" was written. *Id.* It is thus unclear whether this initial petition was ever actually filed by the Clerk's Office. Regardless, Meraz filed a *pro se* motion to amend the (possibly un-filed) petition on October 20, 2008, and then filed a motion to amend the amended petition on November 6, 2008. *Id.* In the latter filing, he maintained that the original petition had been timely filed despite the clerk's failure to file-mark it.

After the circuit court had still apparently not acted on his petition, Meraz filed a writ of mandamus with the Arkansas Supreme Court on December 2, 2008, and then filed a motion to compel the Clerk's Office to produce documents necessary to his mandamus action in the same court. The Arkansas Supreme Court held that it lacked jurisdiction to issue the writ, and directed the petitioner to seek relief in the same circuit court that he was trying to compel to act through requesting the writ in the first place. *Id.* at *2.

Thereafter, Meraz again filed his Rule 37.1 petition with the circuit court, and the Clerk's Office time-stamped it on June 26, 2009. *See Meraz v. State*, 2010 Ark. 121, *1

(March 11, 2010). The circuit court[2] found that the petition was not time-barred by Arkansas' ninety-day limitation for filing a Rule 37.1 petition, because the circuit court judge erred by not forwarding the petition to the Clerk's Office. *Id.* at *3. It then considered the petition on the merits and denied it. *Id.* at *1. Meraz appealed. The Arkansas Supreme Court held that the circuit court had erred in exercising jurisdiction over the petition. It found that the petition was time-barred because Meraz failed to actually file his petition with the Clerk's Office. *Id.* at *3.

In 2012, Meraz unsuccessfully sought post-conviction relief from the State of Arkansas for a third time. This time, he filed a state habeas corpus petition in circuit court. After the circuit court denied his petition, he appealed to the Arkansas Supreme Court and also asked that court to appoint him counsel. *Meraz v. State*, 2013 Ark. 419 (Oct. 24, 2013). The Arkansas Supreme Court denied him counsel and dismissed his habeas petition on the grounds that the circuit court lacked jurisdiction to adjudicate the petition in the first place. *Id.* at *2-3. It reasoned that, under Arkansas law, a prisoner must bring his habeas petition in the county in which he is imprisoned. Meraz, however, was imprisoned in Lexington, Oklahoma.

To be frank, the Court is perplexed and concerned by this series of events. Meraz may very well be guilty of the crimes that he pled to. He may very well have begun his post-conviction relief efforts the day after his sentencing solely because he received a harsher-than-expected sentence. But none of this excuses that, from where this Court sits, it appears quite clearly that he was denied meaningful judicial review of his conviction

---

[2]By this point in time, the Hon. Kent Crow had succeeded the Hon. Alan D. Epley on the Carroll County Circuit Court bench.

proceedings. Only the circuit court, in June of 2009, ruled on the merits of Meraz's petition. It was also the only court to declare what seems obvious to this Court: The circuit court judge should have simply forwarded Meraz's original petition to the Clerk's Office.

Nonetheless, the Magistrate Judge was correct in holding that this Court lacks jurisdiction over Meraz's federal habeas petition because it was not timely filed. Congress has imposed several limitations on the district courts' ability to review state habeas petitions filed under 28 U.S.C. § 2254. Pertinent to this case, Congress has imposed a one-year statute of limitations for filing federal habeas corpus petitions which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). This statute of limitations is tolled, however, while "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). As the Magistrate Judge correctly held, based on how the United States Supreme Court has interpreted "properly filed," see *Artuz v. Bennett*, 531 U.S. 4 (2000), and "pending," see *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), Meraz's one-year period to file his § 2254 petition was not tolled by his post-conviction relief efforts because Arkansas' Highest Court held that his Rule 37.1 and state habeas petitions were not properly filed. (Doc. 18, pp. 6-7).

The one-year clock for Meraz to file his federal habeas petition thus began when his window for directly appealing his conviction in state court closed. 28 U.S.C. § 2244(d)(1)(A). But, even if the Court were to assume that all of Meraz's state post-conviction relief efforts were "properly filed" and "pending," allowing him to take advantage

4

of 28 U.S.C. § 2244(d)(2)'s statutory tolling provision, his federal habeas petition would still be untimely. His state habeas petition was ruled on by the Arkansas Supreme Court on October 24, 2013. Allowing 90 days thereafter for a petition for certiorari to the United States Supreme Court, he had one year from January 23, 2014 to file a federal habeas petition. Meraz placed his petition in the prison mailing system on February 12, 2015.

Finally, Meraz has not offered sufficient justification for the Court to exercise its power to equitably toll 28 U.S.C. § 2244(d)'s time limitation. As the Magistrate Judge adequately detailed in his R&R, equitable tolling is only warranted when a petitioner shows that he has been pursuing his rights diligently, but some extraordinary circumstances prevented him from timely filing. See Doc 18, p. 10; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Although Meraz diligently pursued his rights in spite of arguably extraordinary circumstances in state court, there were no comparable circumstances justifying the delay between the Arkansas Supreme Court's denial of his state habeas petition and his filing of the instant petition over a year later.

For all of the above reasons, Meraz's objection to the R & R is overruled.

**IT IS THEREFORE ORDERED** that the R & R (Doc. 9) is **ADOPTED IN ITS ENTIRETY**, and Meraz's § 2254 petition is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 22nd day of January, 2016.

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 2 2 2016

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE